# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

COURTNEY LIEDEL,

    Plaintiff,

                                  Case No.

v.

MEDICAL MANAGEMENT INTERNATIONAL, INC.
d/b/a BANFIELD PET HOSPITAL (PETSMART),

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Courtney Liedel ("Plaintiff"), by and through the undersigned counsel, brings this action against Defendant, Medical Management International, Inc. d/b/a Banfield Pet Hospital (PetSmart) ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq.*, as amended by the Providing Urgent Maternal Protections for Nursing Mothers Act ("PUMP Act"), 29 U.S.C. § 218d *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; 29 U.S.C. 201 *et seq.*; and 29 U.S.C. § 2601 *et seq.*

3. Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## PARTIES

4. Plaintiff is a resident of and worked for Defendant in Lee County, Florida.

5. Defendant is authorized to do business in Florida and operates a foreign profit corporation in Fort Myers, Lee County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA. 29 U.S.C. § 2611(2)(A).

10. At all times material hereto, Plaintiff worked at least 1,250 hours in the twelve (12) months preceding her request for FMLA leave. 29 U.S.C. § 2611(2)(A).

11. At all times material hereto, Defendant was a covered "employer" within the meaning of the FMLA. 29 U.S.C. § 2611(4).

12. At all times material hereto, Defendant employed fifty (50) or more employees. 29 U.S.C. § 2611(4)(A)(i); 29 U.S.C. 201; 29 U.S.C. § 218d.

13.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA and the PUMP Act. 29 U.S.C. 201; 29 U.S.C. § 218d.

14.     At all times material hereto, Defendant was a covered "employer" within the meaning of the FLSA and the PUMP Act. 29 U.S.C. 201; 29 U.S.C. § 218d.

**FACTS**

15.     In or around May 2022, Plaintiff began working for Defendant as a Customer Service Representative at Defendant's veterinary clinic located in Fort Myers, Florida.

16.     Banfield Pet Hospital is located inside PetSmart.

17.     In or around February 2024, Plaintiff commenced FMLA leave in connection with her pregnancy and childbirth.

18.     In enacting the FMLA, Congress specifically found that "the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting. . . ." Congress further stated that "it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing. . . ." 29 U.S.C. § 2601(a).

19.     In support of her request for FMLA-protected leave, Plaintiff submitted the necessary medical documentation to Defendant.

20.     Plaintiff's labor was medically induced and in or around March 2024, Plaintiff had surgery to deliver her baby via a cesarean section (also known as a "c-section").

21. Plaintiff returned from maternity leave in or around March 2024 and resumed work on a part-time basis.

22. Following her return, Plaintiff engaged in protected conduct by requesting break time and space to express breast milk.

23. Defendant failed to provide Plaintiff with reasonable break time, or a private, secure space shielded from view and free from intrusion, as required under the FLSA, as amended by the PUMP Act.

24. Plaintiff was permitted only one pumping break per shift and was required to use her lunch break to pump.

25. Defendant forced Plaintiff to use an exam room that lacked privacy and on at least two occasions, Mgr. Kaynes walked in on Plaintiff while she pumped—exposing her to patients and other employees.

26. Plaintiff complained to Defendant regarding these incidents and the lack of accommodations, but Defendant failed to take remedial action.

27. Furthermore, after returning from leave, Plaintiff was subjected to unpredictable schedule changes, including last-minute changes with less than 24 to 48 hours' notice. These changes interfered with ability to arrange childcare and her income.

28. In or around October 2024, Plaintiff became aware that Mgr. Kaynes entered Plaintiff's name on a medical chart while Plaintiff was not at work. The entry falsely attributed to Plaintiff the administration of medication that Plaintiff did not perform. Plaintiff objected and reported this conduct.

29. In or around November 2024, Plaintiff underwent surgery due to a serious health condition.

30. Plaintiff's serious health condition involved inpatient care in a hospital and/or continuing treatment by a health care provider.

31. Plaintiff submitted the necessary medical documentation to Defendant and requested protected leave under the FMLA.

32. Plaintiff's request for leave was approved, and her FMLA commenced in or around November 2024.

33. Plaintiff's physician cleared her to return to work in or around January 2025.

34. However, Defendant, through Mgr. Kaynes and other managers, delayed Plaintiff's return to work for approximately two additional weeks.

35. During this period, Defendant changed the building access codes without notifying Plaintiff.

36. In or around March 2025, Plaintiff was terminated by Mgr. Kaynes during a phone call. Plaintiff was informed only that Defendant wanted to go over the end of her employment. No reason was provided at the time.

37. At all relevant times, Plaintiff was eligible for FMLA leave and was entitled to reinstatement to the same or an equivalent position.

38. Defendant's actions, including delaying Plaintiff's return to work, refusing to reinstate her to full employment, reducing her hours, failing to provide

proper FMLA notices, and terminating her after she engaged in FMLA-protected activity, constituted interference with Plaintiff's rights under the FMLA.

39. Plaintiff engaged in protected activity under the FMLA by requesting and taking leave due to a serious health condition and for childbirth and bonding with her child.

40. Defendant retaliated against Plaintiff for engaging in FMLA-protected activity by subjecting her to adverse employment actions, including but not limited to, reduced hours, a hostile work environment, and ultimately termination.

41. Defendant also failed to make, keep, and preserve records pertaining to its FMLA compliance in violation of the FMLA. 29 U.S.C. § 211(c); 29 U.S.C. § 2616(b).

42. Defendant further violated the FLSA, as amended by the PUMP Act, by failing to provide compliant break time and space for expressing breast milk.

43. Defendant's actions were willful and done with malice because Defendant knew or should have known that the FMLA, FLSA, and PUMP Act prohibited its conduct.

44. Plaintiff was injured due to Defendant's violations of the FMLA, FLSA, and PUMP Act, for which Plaintiff is entitled to relief.

**COUNT I – FMLA VIOLATION (INTERFERENCE)**

45. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 44 of this Complaint, as fully set forth herein.

46. Plaintiff requested time off from work to care for herself in preparation for, during, and/or after the birth of her child.

47. Plaintiff also requested time off from work to care for herself because she suffered from a "serious health condition" within the meaning of the FMLA.

48. On return from FMLA leave, Plaintiff, as an eligible employee, was entitled to be restored to the position of employment held when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 U.S.C. § 2614(a)(1).

49. Defendant interfered with Plaintiff's FMLA rights. 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a).

50. Defendant's actions were willful and done with malice because Defendant knew or should have known whether the FMLA prohibited its conduct.

51. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    b) An injunction restraining continued violations of the FMLA by Defendant;

    c) Compensation for lost wages, benefits, and other remuneration;

      d)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

      e)      Front pay;

      f)      Liquidated damages;

      g)      Prejudgment interest on all monetary recovery obtained;

      h)      All costs and attorneys' fees incurred in prosecuting these claims; and

      i)      For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA VIOLATION (RETALIATION)**

52. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 44 of this Complaint, as fully set forth herein.

53. Plaintiff requested time off from work for FMLA-qualifying reasons.

54. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

55. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment. 29 U.S.C. § 2615(a).

56. The adverse employment actions that Defendant took against Plaintiff were material.

57. Defendant's actions were willful and done with malice because Defendant knew or should have known whether the FMLA prohibited its conduct.

58. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to relief.

**WHEREFORE**, Plaintiff demands:

- a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;
- b) An injunction restraining continued violations of the FMLA by Defendant;
- c) Compensation for lost wages, benefits, and other remuneration;
- d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;
- e) Front pay;
- f) Liquidated damages;
- g) Prejudgment interest on all monetary recovery obtained;
- h) All costs and attorneys' fees incurred in prosecuting these claims; and

      i)      For such further relief as this Court deems just and equitable.

## **COUNT III – VIOLATION OF THE FLSA AND PUMP ACT**

59. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

60. The FLSA, as amended by the PUMP Act, requires an employer to provide reasonable breaks to employees who are breastfeeding mothers, so that they may express milk at work for a newborn who is younger than one year of age.

61. The FLSA also requires employers to provide employed mothers with a place on the employer's premises, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, and which may be used by breastfeeding employees to express milk.

62. By repeatedly failing to provide Plaintiff with reasonable break times and a location in which she would be free from intrusion to express her breast milk, Defendant violated the FLSA on a continuing basis.

63. Plaintiff was injured due to Defendant's violations of the FLSA, for which she is entitled to relief.

    ***WHEREFORE***, Plaintiff demands:

        a)    Award Plaintiff compensation for the lost wages that she incurred as a result of Defendant's continuing violation of the FLSA;

        b)    Award Plaintiff liquidated damages in an amount equal to her lost wages; and

  c) Award Plaintiff reasonable attorney's fees and costs.

## COUNT IV – RETALIATION UNDER FLSA

64. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

65. By requesting reasonable breaks and privacy to express her milk, Plaintiff engaged in protected activity under the FLSA.

66. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

67. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff was injured due to Defendant's violations of the FLSA.

***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FLSA;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Compensatory damages, including emotional distress, allowable at law; and

  f) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of March, 2026.

        Respectfully submitted,

        *s/ Amanda Heystek, Esquire*
        **AMANDA HEYSTEK**
        Florida Bar No: 0285020
        Direct: (813) 379-2560
        **KAITLIN R. FRERICH**
        Florida Bar No: 1048742
        Direct: (813) 906-5389
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main: (813) 224-0431
        Facsimile: (813) 229-8712
        Email: aheystek@wfclaw.com
        Email: kfrerich@wfclaw.com
        Email: rcooke@wfclaw.com
        ***Attorneys for Plaintiff***